UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| AMANDA UHLARIK,<br><br>        Plaintiff,<br><br>  v.<br><br>NATIONAL RAILROAD PASSENGER CORPORATION,<br><br>        Defendant. | CASE NO. C18-5788 BHS<br><br>ORDER |

THIS MATTER comes before the Court on Defendant Amtrak's Motion to Continue the Deadline for filing dispositive motions, Dkt. 32, and Motion to Exclude, Dkt. 30.

Amtrak seeks to extend the dispositive motions deadline from December 1, 2021 to January 6, 2022, so that it may file a *Daubert* motion to exclude the testimony of Plaintiff Amanda Uhlarik's treating neurologist, Dr. Michael Ko, that the derailment of Amtrak 501 exacerbated her multiple sclerosis ("MS") symptoms. Dkt. 32. Amtrak's proposed *Daubert* Motion itself is pending. *See* Dkt. 30. Amtrak argues that Dr. Ko conceded in his deposition that he could draw only a temporal connection between the

ORDER - 1

derailment and Uhlarik's exacerbated MS symptoms and that cannot opine that the derailment caused the exacerbation. *Id.* at 2.

Plaintiff Amanda Uhlarik opposes the motion for relief from the deadline, arguing that Amtrak's assertion that her claim is "unexpected" is demonstrably false; she has consistently testified that her MS "basically exploded" after the derailment. Dkt. 34 at 2, 4. Uhlarik correctly argues that under the Local Rules, the dispositive motions deadline is the deadline for filing a *Daubert* motion to exclude expert testimony. *Id.* at 3 (citing W.D. Wash. LCR 16(b)(4)).

Uhlarik argues in response to the substantive motion that Ko's testimony is reliable and admissible under *Daubert* and the Federal Rules of Evidence. Dkt. 37. Dr. Ko provides a Declaration opining and explaining that, through differential diagnosis, he has concluded that the derailment caused Uhlarik's exacerbated MS symptoms. *See* Dkt. 38.

Amtrak's motion to continue the deadline for hearing its *Daubert* motion to exclude is GRANTED. The delay is unfortunate, but Amtrak's failure to timely file a *Daubert* motion would not make the testimony admissible if it is not. It serves the parties and the Court to resolve the admissibility of Dr. Ko's testimony prior to trial.

Federal Rule of Evidence 702 governs the admissibility of expert testimony. Expert testimony is admissible if "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue." The Supreme Court has held that Rule 702 "assign[s] to the trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to

the task at hand." *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 597 (1993). To perform this "gatekeeping role," the district court engages in a two-step inquiry: first, the court must determine whether the proffered evidence is reliable, i.e., whether the expert's testimony reflects scientific knowledge, the findings are derived by the scientific method, and the work product amounts to "good science." *Daubert v. Merrell Dow Pharm., Inc.*, 43 F.3d 1311, 1315 (9th Cir. 1995) (quoting *Daubert*, 509 U.S. at 590, 594). Second, the court must determine whether the testimony is relevant, i.e., "that it logically advances a material aspect of the proposing party's case." *Id*. The district court's gatekeeping obligation extends to all expert testimony, not only testimony based on scientific knowledge. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 141 (1999). The proponent of expert testimony bears the burden of establishing admissibility by a preponderance of the evidence. *Daubert*, 509 U.S. at 592 n.10 (citing *Bourjaily v. United States*, 483 U.S. 171, 175–76 (1987))

        The Court is not persuaded that Dr. Ko's proposed testimony about the cause of Uhlarik's exacerbated MS symptoms is unreliable, and it is not persuaded that the fact his testimony on that issue has evolved since his deposition is, by itself, a basis for excluding it under *Daubert*. Amtrak's suggestion that Dr. Ko's updated opinions are excludable because they changed with "breath-taking ease" at "the suggestion of counsel" is unsupported. Dkt. 39 at 3 (parenthetically quoting *Comer v. Am. Elec. Power*, 63 F. Supp. 2d 927, 935 (N.D. Ind. 1999)). Dr. Ko claims he engaged in a differential diagnosis to ascertain why Uhlarik's MS symptoms increased after the derailment and eliminated

1  other potential causes. *See* Dkt. 38. Amtrak's Motion to Exclude Dr. Ko's testimony on

2  this topic, Dkt. 30, is DENIED.

3        Amtrak's alternate request for a second deposition of Dr. Ko is GRANTED, and

4  Uhlarik shall coordinate with Dr. Ko and Amtrak to make him available for that

5  deposition. If Amtrak continues to assert that the opinions are excludable after that

6  deposition, it may raise the issue in a motion in limine.

7        The trial in this case is currently scheduled for April 26, 2022. Dkt. 25. The Court

8  is not available that week, and both the trial date and the Pretrial Conference are therefore

9  STRICKEN. The Court is available June 7, 2022, but after that the trial will be no sooner

10  than the fall. Counsel shall meet and confer and provide available trial dates, in the form

11  of a Joint Status Report.

12        IT IS SO ORDERED.

13        Dated this 16th day of February, 2022.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge